Anerio V. Altman, Esq. #228445
Lake Forest Bankruptcy
23151 Moulton Parkway Suite 131
Laguna Hills, CA 92653
Phone and Fax: (949) 218-2002
avaesq@lakeforestbkoffice.com

**ATTORNEY FOR TRUSTEE
RICHARD A. MARSHACK**

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA-SANTA ANA DIVISION

| | |
|---|---|
| In re: RAHUL CHOUBEY<br><br>RICHARD A. MARSHACK, Chapter 7 Trustee;<br><br>   Plaintiff<br><br>v.<br><br>RAHUL CHOUBEY, an individual; MISHA CHOUBEY, an individual; SHAHI K. PANDEY, an individual; VANDANA PANDEY, an individual; JITENDRA PATEL, an individual; AZAHALEA AHUMADA, an individual<br><br>   Defendants. | **Case No.:** 8:16-bk-10288-TA<br><br>**Chapter:** 7<br><br>**Adv. No.:** To Be Determined<br><br>**COMPLAINT FOR TURNOVER AND AVOIDANCE OF PREFERENTIAL TRANSFERS**<br><br>**11 U.S.C. Sec. 547;<br>11 U.S.C. Sec. 548; and<br>11 U.S.C. Sec. 550**<br><br>**JUDGE:**<br>HON. THEODOR ALBERT<br><br>**TRUSTEE:**<br>RICHARD A. MARSHACK |

///

///

///

- 1

COMPLAINT

**TO THE HONORABLE THEODOR ALBERT, UNITED STATES BANKRUPTCY JUDGE, TO THE UNITED STATES TRUSTEE AND TO ALL OTHER INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:**

CHAPTER 7 TRUSTEE RICHARD A. MARSHACK files this Complaint requesting turnover and avoidance of certain preferential transfers made to MISHA CHOUBEY, an individual; SHAHI K. PANDEY, an individual; VANDANA PANDEY, an individual; and JITENDRA PATEL, an individual, AZAHALEA AHUMADA, an individual (Collectively "Defendants").

**I.**

**APPLICABLE FACTS**

1. On January 25th, 2016, Debtor RAHUL CHOUBEY ("Debtor") filed a petition under Chapter 7 Title 11 of the United States Code which was assigned case number 8:16-bk-10288-TA. ("BK Case"). Exhibit A.

2. RICHARD A. MARSHACK ("Plaintiff", "Trustee") was appointed the interim Chapter 7 Trustee in this matter. Id.

3. The Chapter 7 341a was set for March 8th, 2016. Id.

4. No objection was taken to the appointment of the Trustee. He subsequently became the permanent Trustee. Id.

5. The Chapter 7 341A was held on March 8th, 2016. Id.

6. The Debtor appeared at the 341a hearing. Id.

7. In or around March 8th, 2016, the Debtor disclosed that he had received the net proceeds of approximately $52,000 worth of money in exchange for the sale of

real property. <u>Exhibit B.</u>

8. Within 1 year prior to the filing of the BK Case, the following transfers were made:

    A. RAHUL CHOUBEY, an individual, the Debtor, and MISHA CHOUBEY, an individual, currently the ex-wife of the Debtor, were the owners, immediate or mediate transferors of property within 1 year of the filing of the BK Case.

    B. Plaintiff alleges that RAHUL CHOUBEY and MISHA CHOUBEY were the agents of the other, and acted with the full authority and consent of the other, regarding all transfers described herein.

    C. RAHUL and MISHA CHOUBEY jointly received approximately $52,000 in or around April 2015 and then within the next month transferred certain funds to JITENDRA PATEL, SHAHI PANDEY and VANDANA PANDEY as described in the following paragraphs. <u>Exhibit C.</u>

    D. JITENDRA PATEL is an individual, and former father in law of the Debtor.

    E. In or around April 2013, Mr. Patel lent approximately $10,000 to the Debtor. <u>Exhibit D.</u>

    F. Mr. Patel remained a creditor of the Debtor until or around April or May 2015.

    G. In or around April 27th, 2015, Mr. Patel was paid back $10,000 or more

      in consideration of this antecedent debt by the Debtor, or alternatively MISHA CHOUBEY as an agent of the Debtor. Exhibit C.

  H. Mr. Patel was the immediate or mediate recipient of these funds.

  I. At all times herein alleged, Mr. Patel was an insider.

  J. SHAHI PANDEY and VANDANA PANDEY (the "Pandeys") are married individuals who are the aunt and uncle of the Debtor.

  K. The Pandeys lent money to the Debtor in an amount equal to or greater than $24,000 in the year or two prior to the BK Case being filed. In or around April or May 2015 the Pandeys remained creditors of the Debtor.

  L. In or around May 4th, 2015, the Pandeys were paid back $24,000 of this antecedent debt. Exhibit E. At all times herein alleged, the Pandeys were insiders.

  M. AZAHALEA AHUMADA is an individual and friend of the Debtor as described on the Debtor's petition. Exhibit B, supra. In the 1 year prior to filing, Azahalea Ahumada received approximately $7,000 from the Debtor or agent of the Debtor. Id. Plaintiff alleges that AZAHALEA AHUMADA failed to provide any consideration in exchange for these funds.

  N. At all times alleged herein, Plaintiff alleges that the Debtor was insolvent.

9. Based on the Debtor's testimony, and preliminary research conducted by the

     Chapter 7 Trustee, it appears as if the transfers in question would be an asset of the estate.

10. Based on preliminary research conducted by the Chapter 7 Trustee, it appears as if the transfers would produce income for the estate if liquidated.

11. The Trustee filed a Notice of Assets in this matter on March 10th, 2016. Exhibit A, *supra.*

12. The Bar Date for Non-Governmental Claims to be filed in this matter passed on June 13th, 2016. Id.

13. The Bar Date for Governmental Claims filed in this matter passed on July 25th, 2016. Id.

14. Total claims filed in this case constitute $155,387.24 of which $155,387.24 represents unsecured non-priority claims. Exhibit E.

## II.

## JURISDICTION AND VENUE

15. On January 25th, 2016 the Debtor commenced this Chapter 7 Proceeding in this bankruptcy court. Exhibit A, *supra.*

16. As a consequence of the Debtors' filing, this court has jurisdiction over this proceeding pursuant to 28 U.S.C. Sec. 1334(a), 28 U.S.C. Sec. 157(a) and 28 U.S.C. Sec. 157(b)(1). Venue is proper before this court under 28 U.S.C. Sec. 1409(a). This adversary action is a "core proceeding" over which this court had exclusive jurisdiction as stated in 28 U.S.C. Sec. 157(b)(2)(A), (E), and (J).

## III.

**STANDING**

17. Plaintiff has standing to file this adversary action under Bankruptcy Code 11 U.S.C. Sec. 105, 28 U.S.C. Sec. 2201, 11 U.S.C. Sec. 542(a), and Federal Rule of Bankruptcy Procedure ("FRBP") 7065, as the duly appointed and acting Trustee for the estate under 11 U.S.C. Sec. 704.

**IV.**

**11 U.S.C. Sec. 547**

**AVOIDANCE OF A TRANSFER**

**(Against All Defendants other than Azahalea Ahumada)**

18. Plaintiff reasserts and re-alleges herein all prior statements by this reference.

19. The payments made to DEFENDANTS other than AZAHALEA AHUMADA were payments made to pre-petition creditors of the Debtor.

20. The payments made to DEFENDANTS other than AZAHALEA AHUMADA described herein were on account of antecedent debts.

21. The payments made to DEFENDANTS other than AZAHALEA AHUMADA were made while the Debtor was insolvent.

22. Such payments were made to insiders other than AZAHALEA AHUMADA within 1 year prior to the filing of the petition on January 25th, 2016.

23. Such payments provided Defendants other than AZAHALEA AHUMADA with more than they would receive if the case was a case under Chapter 7 of this title; There are no assets in this case other than these transfers and such transfers would fail to pay the creditors of the BK Case in full.

24. Plaintiff alleges that none of these transfers were contemporaneous exchanges for new value, or intended to be such exchanges.

25. The Trustee request that these transfers be avoided pursuant to 11 U.S.C. Sec. 547.

## V.

## 11 U.S.C. Sec. 548

## AVOIDANCE OF A TRANSFER

### (Against All Parties)

26. Plaintiff realleges and reasserts herein all prior allegations alleged herein by this reference.

27. The transfers made to Defendants were made within two years of the petition.

28. The Debtor did not receive reasonably equivalent value in exchange for these funds.

29. The Debtor was insolvent at the time these transfers were made.

30. The Plaintiff alleges that the Defendants were insiders at all times herein discussed.

31. The Trustee requests that these transfers be avoided pursuant to 11 U.S.C. Sec. 548.

## VI.

## 11 U.S.C. Sec. 550

## LIABILITY OF TRANSFEREE

### (Against All Parties)

32. Plaintiff realleges and reasserts herein all prior allegations alleged herein by this reference.

33. For each respective transfer, DEFENDANTS were the immediate or mediate transferee of the transfers, and each were insiders.

34. If any transfer is shown to be to a mediate transferee, Plaintiff alleges that such transfer was intended to hinder he other creditors of the estate.

35. Once avoided by the court, the Trustee requests that the court order the recovery of these transfers or the value of these transfers from each DEFENDANT.

**VI. PRAYER**

By this Complaint, the Trustee requests:

1. All transfers alleged herein be avoided pursuant to 11 U.S.C. Sec. 547; and/or

2. All transfers alleged herein be avoided pursuant to 11 U.S.C. Sec. 548;

3. All Defendants be held liable for the value of the recovery of these transfers of each respective transfer avoided pursuant to 11 U.S.C. Sec. 550; and

4. Such other relief that the court finds just and appropriate.

Date: July 19, 2017            Signed: /S/ ANERIO V. ALTMAN, ESQ.
                                       ANERIO V. ALTMAN, ESQ.
                                       ATTORNEY FOR
                                       CHAPTER 7 TRUSTEE
                                       RICHARD MARSHACK

- 9

COMPLAINT